E-FILED on    7/20/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CARLOS VALADEZ LOPEZ<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, ALBERTO R. GONZALES, NANCY ALCANTAR, JERRY J. ENOMOTO, YAKOV GREENBERG, JOHN MCGINNESS, LOU BLANAS, MACK WIMBISH, RICHARD VAN ZANDT, DONALD LOWN, and DOES 1-100<br><br>Defendants. | No. C-06-5000 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE; DEFERRING RULING ON MOTION FOR LEAVE TO AMEND<br><br>[Re Docket Nos. 35, 36] |

Defendants bring this motion to transfer this action to the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff Juan Carlos Valadez Lopez ("Lopez") opposes the motion. The court has read the moving and responding papers. For the reasons stated below, the court grants defendants' motion to transfer.

**I. BACKGROUND**

Plaintiff Lopez is a native of Mexico. First Am. Compl. ("FAC") ¶ 5. In April 1994, he came to the United States at the age of 19. *Id*. ¶ 5. On November 14, 2002, plaintiff experienced a schizophrenic delusion while walking around Winters, California. *Id*. ¶ 25. As a result of his delusion, he attempted to enter a home that was not his by jiggling the door handle. *Id*. ¶ 25. Local

law enforcement authorities then arrested plaintiff. *Id*. ¶ 25. On December 12, 2002, the Yolo County Superior Court released plaintiff on his own recognizance. *Id*. ¶ 25. However, when it was discovered that the U.S. Border Patrol had placed a hold on him, plaintiff was again detained at Yolo County Jail. *Id*. ¶ 25. Plaintiff was detained under the authority of the San Francisco Office of United State Immigration and Customs Enforcement, Detention and Removal Operations ("ICE"). *Id*. ¶ 5. At around the same time, plaintiff was also detained at Napa State Hospital, where he was diagnosed with schizophrenia. *Id*. ¶ 25.

Defendant Van Zandt, a deputy public defender at the Yolo public defender's office, represented plaintiff. *Id*. ¶¶ 13, 26. Van Zandt advised plaintiff to plead guilty to the crime of attempted first-degree burglary. *Id*. ¶ 26. Plaintiff alleges that Van Zandt mistakenly believed that he had a prior conviction when advising him to plead guilty. *Id*. ¶ 27. Plaintiff also alleges that Van Zandt never advised plaintiff of the consequences of pleading guilty. *Id*. ¶ 26. On November 15, 2004, plaintiff was convicted of first-degree burglary. *Id*. ¶ 26.

On December 30, 2004, the Yolo County public defender submitted a motion to withdraw plaintiff's guilty plea.[1] *Id*. ¶ 31. Plaintiff's motion was set for a hearing on January 15, 2005. *Id*. ¶ 31. Plaintiff alleges that defendants Chertoff, Gonzales, Alcantar, Emomoto, Greenberg, and DOES 71-100 recklessly failed to transport him to state court on five separate dates, from February to September 2005, for the motion to withdraw his guilty plea. *Id*. ¶ 32.

Plaintiff alleges that defendants recklessly caused him to be deprived of medication necessary to control his psychosis at various times throughout his detention. *Id*. ¶ 34. On June 20, 2005, under the direction of ICE, plaintiff was transferred from the Sacramento County Jail to the Lerdo Pretrial Facility. *Id*. ¶ 35. Plaintiff alleges he was deprived of his medication until July 26, 2005. *Id*. ¶ 36.

Plaintiff seeks general damages, special damages, punitive damages, attorneys fees, and costs of the suit. *Id*. at 17.

---

[1] The Yolo County Superior Court appointed private counsel to represent plaintiff due to the conflict of interest with the Yolo public defender's office. FAC ¶ 31.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE—No. C-06-5000 RMW
KJ                                                                    2

## II. ANALYSIS

Defendants bring this motion to transfer on the grounds that the Eastern District of California is a more appropriate venue and is more convenient for the parties and witnesses than the Northern District of California. Plaintiff opposes the motion, arguing that defendants have not met their burden of demonstrating that the convenience of the parties and witnesses and the interest of justice favor transfer of venue to the Eastern District of California.

### A. Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have discretion to adjudicate motions for transfer of venue according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In ruling on a motion to transfer, a court may consider such factors as: (1) the plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum to the applicable law, (6) the feasability of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.[2] *Munoz v. UPS Ground Freight, Inc.*, 2007 WL 1795696, at *2 (N.D. Cal. 2007) (Jenkins, J.) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

### B. Factors

In a motion to transfer,[3] the burden falls on the moving party to demonstrate that matters of convenience and the interest of justice weigh heavily in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

---

[2] The factors of ease of access to the evidence, familiarity of each forum to the applicable law, local interest in the controversy, and relative court congestion are unhelpful to resolving the present motion to transfer.

[3] Section 1404(a) limits transfer to courts where the action might have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The transferee court must: (1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and 3) be a proper forum. *Id.* In the present case, the parties do not dispute that the action might have been brought in the Eastern District of California.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE—No. C-06-5000 RMW
KJ                                                            3

### 1. Plaintiff's Choice of Forum

Plaintiff chose the Northern District of California as the forum for the present action. In considering a motion to transfer, a defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Id*. The weight given to the plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum. *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). Defendants argue that because plaintiff resides in Yolo County, the plaintiff's choice of forum should be given less weight. Defendants also argue that plaintiff's alleged deprivation of civil rights and ineffective assistance of counsel occurred within the Eastern District of California.

Plaintiff argues that "[t]he venue provisions of Section 1404(a) are not meant to merely shift the inconvenience to the plaintiff." *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821 (S.D. Ohio 2000). However, because plaintiff resides in the Eastern District of California, plaintiff has not demonstrated how a transfer of venue to the Eastern District would inconvenience him. Therefore, the plaintiff's choice of forum neither weighs for nor against a transfer of venue.

### 2. Convenience to the Parties

Defendants argue that the Eastern District is a more appropriate forum because both plaintiff and defendants have stronger contacts with the Eastern District than the Northern District. Defendants also argue that several defendants are employed or reside in the Eastern District. In addition, plaintiff himself resides in the Eastern District.

Plaintiff argues that many acts or omissions that led to plaintiff's injuries were caused by defendants working in the Northern District. For instance, plaintiff alleges that defendant Alcantar, a Field Office Director of the San Francisco Office of ICE, committed acts or omissions that caused plaintiff to be denied access to the Yolo County Superior Court to withdraw his guilty plea. The San Francisco Office of ICE is located in the Northern District. Plaintiff also alleges that defendants located in the Northern District caused him to be denied psychological and psychiatric treatment and medication while he was incarcerated at Sacramento County Jail and Kern County Lerdo Pretrial Detention Center. However, because defendants in the Northern District prefer the Eastern District, plaintiff's position regarding convenience to defendants is given less weight. Plaintiff has thus failed

to prove that the Northern District is more convenient for most parties in the present case. Defendants' argument that most parties, including plaintiff himself, are located in the Eastern District is meritorious. Therefore, this factor weighs for a transfer of venue.

### 3. Convenience to the Witnesses

Convenience to witnesses is an important factor in determining a motion to transfer. *Munoz*, 2007 WL 1795696 at *4. Defendants argue that the Eastern District would be more convenient for witnesses because the events that gave rise to plaintiff's claims occurred in the Eastern District. Plaintiff disputes defendants' argument, arguing that witness Craig Meyer, the Supervisory Detention and Deportation Officer for ICE in San Francisco, would provide important testimony regarding plaintiff's transportation to the Yolo County Superior Court. "In cases where transfer is based on 'the convenience of witnesses,' courts usually require that the party seeking transfer designate: (1) the key witnesses to be called, (2) where these witnesses are located, (3) a general statement of what their testimony will cover, and (4) why such testimony is relevant or necessary." *Edwards v. Mallory*, 1996 WL 681973, at *1 (N.D. Cal. 1996) (Illston, J.). Nevertheless, plaintiff's allegations to date indicate that the bulk of the witnesses are to be found in the Eastern District of California. Therefore, the convenience of witnesses weighs for a transfer of venue.

### 4. Feasibility of Consolidation with Other Claims

Plaintiff argues that because the present action is related to a case pending already before this court, it is in the interest of the judicial economy for the Northern District to retain venue over both actions.[4] Although the related case is, indeed, before this court, the court has not been substantively involved in analyzing the issues in the present case in its handling of the related case. Because the court has not acquired any in depth knowledge of the factual issues in the current case, the court gives the related case factor little weight.

As the examination of the factors above illustrates, defendants have met their relevant burden of proof to support a motion to transfer under 28 U.S.C. § 1404(a).

---

[4] The related case to which plaintiff refers is *Lopez v. Chertoff*, Case No. 05-04192 RMW. Although the cases have not been consolidated, this court has related them.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE—No. C-06-5000 RMW
KJ                                                             5

### C. Motion for Leave to Amend

On May 23, 2007, plaintiff filed a motion seeking leave to file a second amended complaint. On June 22, 2007, the federal defendants (Michael Chertoff, Alberto Gonzales, Jerry Enomoto, Nancy Alcantar and Yakov Grinberg) filed a notice informing the court that they do not oppose the motion. On July 3, 2007, defendant Mack Wimbish likewise filed a notice of non-opposition. Defendants John McGuiness and Lou Blancas did not submit any opposition papers. Although it appears that plaintiff's motion is unopposed, in light of this court's determination that this case should be transferred to the Eastern District of California, a ruling on the matter is more appropriately made by the transferee court.

### III. ORDER

For the foregoing reasons, the court grants defendants' motion to transfer this action to the U.S. District Court for the Eastern District of California and defers ruling on plaintiff's motion for leave to amend to the transferee court. The clerk shall forward a copy of the court file along with this order to the Eastern District of California.

DATED: 7/20/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Laurence O. Masson            lomlex@pacbell.net
Carter C. White               ccwhite@ucdavis.edu

**Counsel for Defendants:**

Jesse M. Rivera               jesse@morenorivera.com
Brant S. Levine               Brant.Levine@usdoj.gov
Mark L. Nations               mnations@co.kern.ca.us

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/20/07                              /s/ MAG
                                          **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE—No. C-06-5000 RMW
KJ                                                  7